IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:16-CV-260-D

| | |
|---|---|
| LAWRENCE V. WILDER, SR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, et al., )<br>)<br>Defendants. ) | **ORDER and<br>MEMORANDUM AND<br>RECOMMENDATION** |

This case is before the court on the motion (D.E. 1) by plaintiff Lawrence V. Wilder, Sr. ("plaintiff") to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and the associated frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The motion and frivolity review were referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's proposed complaint includes a request for appointment of counsel. Compl. (1-1) 2. The court will treat this request as a motion for appointment of counsel and within the scope of the referral given its inclusion in the complaint.

### ORDER ON *IN FORMA PAUPERIS* MOTION

To qualify for *in forma pauperis* status, a person must show that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Based on the information in the motion to proceed *in forma pauperis*, the court finds that plaintiff has adequately demonstrated his inability

to prepay the required court costs.[1]  His motion (D.E. 1) to proceed *in forma pauperis* is therefore ALLOWED.

## ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

In his complaint, plaintiff requests the appointment of "ethical [and] effective counsel because of indigency and complexity of legal matter." Compl. 2; *see also id.* at 6.  It is unclear whether this request is for appointment of counsel solely in state court and SSA proceedings or those proceedings and the instant case as well.  Out of an abundance of caution, the court will address the request as extending to appointment in all these forums.

The Prison Litigation Reform Act does give the court the authority to appoint counsel in civil cases generally, but there is no absolute right to appointment of counsel in them.  28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel." (emphasis added)); *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987).  Rather, the court has the discretion to appoint counsel when it determines that extraordinary circumstances warrant such action.  *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989).  If a pro se litigant has stated a colorable claim, the court must then look at the complexity of the case and the pro se litigant's ability to present it.  *Whisenant*, 739 F.2d at 163; *Tolbert v. Wyatt*, No. 1:10CV49, 2010 WL 481253, at *1 (M.D.N.C. 5 Feb. 2010) ("'[I]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him.'" (quoting *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978))).

---

[1] In his motion, plaintiff sets out allegations of wrongdoing against him in an apparent effort to demonstrate his inability to pay court costs. *See* Mot. CM/ECF p. 5. Notwithstanding the ostensible purpose of these allegations, even when considered with the allegations in the complaint, they do not alter the court's analysis or conclusions.

2

Plaintiff has failed to present information showing exceptional circumstances justifying appointment of counsel for him. Therefore, to the extent that he seeks appointment of counsel in this case, his motion for appointment of counsel is DENIED. To the extent plaintiff seeks the appointment of counsel in other forums, this court is without jurisdiction to grant such relief and this portion of his motion is also DENIED.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

### I. PLAINTIFF'S ALLEGED CLAIMS

In this action, commenced on 19 July 2016, plaintiff names as defendants: Carolyn W. Colvin, whom he identifies as the Commissioner, rather than the Acting Commissioner, of the Social Security Administration ("SSA") (Compl. 1); the Wilmington, North Carolina field office of the SSA (*id.*); John M. Wilder ("Wilder"), whom he identifies as his SSA representative payee (*id.* at 1-2, 3); Craige and Fox, PLLC, whom he identifies as Wilder's counsel (*id.* at 5); and the Superior Court of New Hanover County, North Carolina (*id.* at 2). In addition to the appointment of counsel, plaintiff seeks three principal forms of relief from the court.

First, he seeks an order, pursuant to the Administrative Procedure Act, 5 U.S.C. § 551, *et seq.*, removing Wilder as his representative payee and returning control of his SSDI (*i.e.*, Social Security disability insurance) disability funds to him. *Id.* at 2. As grounds for this relief, plaintiff alleges, among other things, that: (1) the SSA appointed Wilder on the erroneous assumption that although he lives (in Maryland) over 400 miles away from plaintiff (in Wilmington, North Carolina), Wilder could help plaintiff with his daily business and health care (*id.* at 3); (2) Wilder has failed to account for $9,800.00 in SSDI funds directed deposited on plaintiff's behalf since January 2016 or for the balance of monthly payments on plaintiff's behalf above $900.00 (*id.*); (3) Wilder caused plaintiff's Medicare Part D prescription drug coverage to

expire in October 2015, as a result of which plaintiff was unable to purchase his medication (*id. at* 4); (4) after expiration of the Part D coverage, Wilder petitioned Assistant Clerk Bell, presumably with New Hanover County Superior Court, to have plaintiff involuntarily committed four times in 2016, but the district court released him (*id.* at 4); (5) Wilder did not assist with restoration of plaintiff's Part D coverage and instead plaintiff himself reenrolled in March 2016, effective 1 April 2016 (*id.*); (6) Wilder, in collusion with his counsel and the Wilmington SSA field office, have failed to provide plaintiff notice of events relating to his SSDI disability payments (*id.* at 3, 5); and (7) a 21 June 2016 opinion letter of licensed psychologist Michael Affeman, Ph.D. (comprising p. 1 of D.E. 1-2), which plaintiff filed with the Wilmington SSA filed office, purportedly shows clearly that plaintiff is able to manage his SSA funds without a representative payee (*id.* at 4, 5). In his letter, Dr. Affeman opines that plaintiff "is a good candidate for having his competency restored, as long as he is taking his psychotropic medication" based, in part, on plaintiff's ability to "independently initiate, schedule, and keep our appointments, as well as to pay for them." Affeman Ltr.

Second, plaintiff seeks an order compelling the North Carolina state courts, including New Hanover County Superior Court, to determine him to be competent pursuant to the opinion of Dr. Affeman. *Id.* at 3. In support of this claim for relief, plaintiff alleges, among other things, that: (1) Assistant Clerk Bell, in apparently finding plaintiff incompetent, erroneously credited a "mental doctor's quackery 2 minute diagnosis" over the opinion of Dr. Affeman, who has met with plaintiff for hours (*id.* at 3); (2) New Hanover Superior Court has appointed counsel for plaintiff who have a conflict of interest and no intention of helping him (*id.* at 4); (3) Assistant Clerk Bell is forcing plaintiff, out of racial animus, to represent himself even though she has found him incompetent and is allowing him to use appointed counsel only for advice (*id.* at 4-5);

4

and (4) Assistant Clerk Bell also discriminated against plaintiff by requiring him to pay a $200.00 filing fee to appeal an order of hers despite her determination that he is indigent (*id.* at 5).

Third, plaintiff seeks an order compelling the SSA to process, pursuant to the Administrative Procedure Act: (1) his request for waiver of repayment of an overpayment due to indigency; (2) his request for reconsideration of removal of Wilder, allowance of plaintiff to manage his own SSDI funds, and waiver of repayment of an overpayment (*see* copy of reconsideration request dated 6 July 2016 attached as p. 5 of D.E. 1-2); and (3) his 6 November 2014 request for a hearing before an SSA administrative law judge (copy attached as pp. 2-3 of D.E. 1-2). *Id.* at 3, 5. With respect to waiver of repayment, he notes that state and federal courts have found him indigent for purposes of paying fees and retention of counsel. *Id.* at 5. A letter by plaintiff to the Wilmington SSA field office (comprising pp. 6-7 of D.E. 1-2), whose date is illegible, setting out a request by plaintiff for removal of Wilder, allowance of plaintiff to manage his own SSDI funds, and waiver of repayment of an overpayment is attached as an exhibit to the complaint.

Plaintiff appears to allege that the adverse actions against him by the SSA result, at least in part, from retaliation against him by his purported former employers, the United States Department of Health and Human Services and Centers for Medicare & Medicaid Services, for his participation in the federal equal employment opportunity complaint process. Compl. 4; *see also id.* at 3 (referencing his federal employment discrimination complaint). He also alleges that "[t]he plaintiff is still 'IN THE CUSTODY' of the US Federal government, US Department of Justice, and The US Attorney's Office for the Eastern District of North Carolina because of a excessive race based sentence where the plaintiff was ordered to pay a $100,000 restitution fine

THAT IS STILL BEING COLLECTED UPON." *Id.* at 6 (spelling and other formatting original).

In addition to the attachments to the complaint already referenced, there is a statement ostensibly by plaintiff alleging denial by the SSA in Maryland of his request for an explanation of his benefits (comprising p. 4 of D.E. 1-2).

## II. APPLICABLE LEGAL STANDARDS

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness).

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the complaint must "'state[ ] a plausible claim for relief' that 'permit[s] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)). A complaint containing only bare allegations and lacking adequate

factual support fails to provide a defendant with the notice required by Rule 8. *Thomas v. The Methodist Univ., Inc.*, No. 5:16-CV-727-FL, 2016 WL 4734598, at *2 (E.D.N.C. 9 Sept. 2016).

In evaluating frivolity specifically, a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nonetheless, the court is not required to accept a pro se plaintiff's contentions as true. *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction.").

## III. ANALYSIS

### A. Claim for Removal of Wilder as Representative Payee and Allowance of Payment Directly to Plaintiff

Plaintiff's claim for an order removing Wilder as his representative payee is subject to dismissal for lack of subject matter jurisdiction. The Social Security Regulations ("Regulations") provide, in relevant part, that the SSA

> will terminate payment of benefits to your representative payee and find a new payee or pay you directly if the present payee:
>
> . . . .
>
> (a) Has been found by us or a court of competent jurisdiction to have misused your benefits;
>
> (b) Has not used the benefit payments on your behalf in accordance with the guidelines in this subpart;
>
> (c) Has not carried out the other responsibilities described in this subpart . . . .

20 C.F.R. § 404.2050(a)-(c).

Under the circumstances presented here, the determinations by the SSA under the Regulations bearing on removal of a representative payee and his replacement with a new representative employee or allowance of the beneficiary to receive payments directly are:

> (o) Whether the payment of [the beneficiary's] benefits will be made, on [the beneficiary's] behalf, to a representative payee;
>
> . . . .
>
> (q) Who will act as [the beneficiary's] payee if [the SSA] determine[s] that representative payment will be made;
>
> . . . .
>
> (x) Whether [the SSA was] negligent in investigating or monitoring or failing to investigate or monitor [the beneficiary's] representative payee, which resulted in the misuse of benefits by [the beneficiary's] representative payee.

*Id.* § 404.902(o), (q), (x).

All of these are "initial determinations" under the Regulations that are subject to administrative and judicial review. *Id.* § 404.902; *see also* 42 U.S.C. § 405(j)(1)(E)(i) ("Any individual who is dissatisfied with a determination by the Commissioner of Social Security to certify payment of such individual's benefit to a representative payee under paragraph (1) or with the designation of a particular person to serve as representative payee shall be entitled to a hearing by the Commissioner of Social Security to the same extent as is provided in subsection (b) of this section, and to judicial review of the Commissioner's final decision as is provided in subsection (g) of this section."). In order to challenge any such determinations in federal court, a plaintiff must exhaust his administrative remedies. *See, e.g., Thomas v. Soc. Sec. Admin.*, No. 11-CV-3698 MKB, 2013 WL 1873281, at *4 (E.D.N.Y. 2 May 2013) ("Since Plaintiff is challenging the appointment of a representative payee, he must first challenge that decision in the SSA administrative process."), *aff'd*, 551 F. App'x 24 (2d Cir. 2014).

More specifically, the Social Security Act provides for review of any "final decision" of the SSA. 42 U.S.C. § 405(g). It states that "any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow." *Id.* (emphasis added). "The SSA's regulations define a 'final decision' as an initial determination that has been pursued through the complete administrative process and which is then subject to judicial review." *Graves v. Soc. Sec. Admin.*, No. 12-1208-JDT, 2013 WL 4499123, at *2 (W.D. Tenn. 20 Aug. 2013) (citing 20 C.F.R. § 404.900(a)(5)).

9

Here, plaintiff has not demonstrated that he has exhausted his administrative remedies with respect to removal of Wilder or allowance of plaintiff to receive payments directly. Indeed, he has not demonstrated that the SSA has even made initial determinations on any of the foregoing issues bearing on removal of a representative payee and allowance of payment directly to him or, if it has, that plaintiff obtained a final decision on them. The failure of plaintiff to show that he has exhausted his administrative remedies deprives this court of subject matter jurisdiction. *See, e.g., Thomas*, 2013 WL 1873281, at *4 ("Since Plaintiff has submitted no evidence that he presented his claim [challenging the appointment of a representative payee] to SSA, or that he exhausted his administrative remedies, this Court lacks jurisdiction pursuant to 42 U.S.C. § 405(g) to hear his claim."); *Frohwerk v. Brinkley*, No. 3:09-CV-161RM, 2009 WL 2106212, at *1 (N.D. Ind. 14 July 2009) ("[B]efore a court can consider a claim for misuse of benefits, that claim must first be pursued through the administrative remedies set forth in the Social Security Act.").[2]

### B. Claim to Compel North Carolina State Courts to Find Plaintiff Competent

Plaintiff's claim for an order directing the North Carolina state courts to find him competent also fails for lack of subject matter jurisdiction. The *Rooker-Feldman* doctrine bars federal courts from sitting "in direct review of state court decisions." *D.C. Ct. of Appeals v.*

---

[2] The court does not read the complaint as purporting to assert a claim for recovery of the allegedly misused funds from Wilder himself. In the event complaint is deemed to do so, the claim fails for failure to state a claim on which relief can be granted because the Regulations provide for recovery of misused funds from the representative payee by the SSA, not the beneficiary. *See* 20 C.F.R. § 404.2041(a) ("A representative payee who misuses your benefits is responsible for paying back misused benefits. We will make every reasonable effort to obtain restitution of misused benefits so that we can repay these benefits to you."); *Pruitt v. Colvin*, No. 13-CV-786-JPG-CJP, 2014 WL 6819549, at *1 (S.D. Ill. 3 Dec. 2014) ("Further, there is no evident basis for a federal claim by [the beneficiary] against [the representative payee]. Notably, the applicable regulations require repayment by a representative payee of misused benefits to the agency, not to the intended beneficiary. *See* 20 C.F.R. § 416.641(a) [which is applicable to benefits under Title XVI of the Social Security Act and identical to 20 C.F.R. § 404.2041, which applies to benefits under Title II, as here]. The complaint fails to state a claim against [the representative payee], and she is therefore dismissed as a defendant herein.").

*Feldman*, 460 U.S. 462, 482-84 (1983). "[T]he *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). This doctrine also prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with a state court decision. *Shooting Point, LLC v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004). A constitutional claim is "inextricably intertwined" with a state court decision if "'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" *Id.* (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)); *see also Curley v. Adams Creek Assocs.*, 409 Fed. App'x. 678, 680 (4th Cir. 2011) (holding that *Rooker-Feldman* precluded subject matter jurisdiction over plaintiff's claim that the state court violated her due process rights by failing to give her notice before disposing of real property owned by her); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (holding that a federal claim is "'inextricably intertwined' where 'in order to grant the federal relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual'" (quoting *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997))).

In other words, *Rooker-Feldman* applies "when the federal action 'essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.'" *Davis v. Durham Mental Health Devel. Disabilities Substance Abuse Area Auth.*, 320 F. Supp. 2d 378, 388 (M.D.N.C. 2004) (quoting *Plyer v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997)). "The key inquiry is not whether the state court ruled on the precise issue raised in federal court, but whether the 'state-court loser who files suit in federal court seeks redress for an injury caused

by the state-court decision itself.'" *Willner v. Frey*, 243 Fed. App'x. 744, 747 (4th Cir. 2007) (quoting *Davani*, 434 F.3d at 718). "'[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Plaintiff's claim for an order directing the North Carolina state courts to find him competent amounts to a request that this court review and overturn the apparent determination by New Hanover Superior Court that he is incompetent. The *Rooker-Feldman* doctrine precludes this court from doing so. *See Hart v. Bond*, No. 1:14 CV 205, 2014 WL 3532908, at *5 (N.D. Ohio 15 July 2014) (holding that *Rooker-Feldman* barred plaintiff's claim requesting as relief "that this Court void the Probate Court's finding of incompetency"); *Peterson v. Arnold*, No. 09-CV-0890 PJS/RLE, 2009 WL 2972486, at *4 (D. Minn. 10 Sept. 2009) (finding plaintiff's request for lifting of guardianship imposed by state court barred by *Rooker-Feldman*). This claim is therefore also subject to dismissal for lack of subject matter jurisdiction.

### C. Claim to Compel SSA to Process Various Requests by Plaintiff

Plaintiff seeks in his final claim, in part, an order directing the SSA to process his purported request for reconsideration of removal of Wilder and allowance of plaintiff to receive payments directly. As discussed with respect to plaintiff's prior claim, he has failed to demonstrate that he has exhausted his administrative remedies regarding the removal and direct payment issues. Therefore, this portion of plaintiff's third claim fails for lack of subject matter jurisdiction.

Another part of plaintiff's third claim seeks an order compelling the SSA to process his request for a hearing before an administrative law judge. Plaintiff provides no information regarding the matter that is the subject of this request or any specifics regarding the proceedings relating to it, including what, if any, action plaintiff and the SSA have taken with respect to the request. Plaintiff has certainly made no showing that he is entitled to an ALJ hearing. Plaintiff has therefore failed to show that he has exhausted his administrative remedies with respect to his request for an ALJ hearing.

The remaining portion of plaintiff's third claim relates to his alleged request for waiver of repayment of an overpayment. An individual receiving an overpayment can request that the SSA waive the overpayment in circumstances where the individual shows that he is without fault and that "adjustment or recovery would either defeat the purpose of title II of the Act or be against equity and good conscience." *See* 20 C.F.R. § 404.506(c). A determination on such a request for waiver is subject to administrative and judicial review. *See* 20 C.F.R. § 404.902(k). Plaintiff provides virtually no information regarding the alleged overpayment and any proceedings relating to it. He has failed to show that he has exhausted his administrative remedies with respect to his alleged request for a waiver of repayment. The portion of plaintiff's third claim relating to his alleged request for waiver of repayment is therefore subject to dismissal for lack of subject matter jurisdiction. *See Dockery v. Comm'r, Soc. Sec.*, No. TDC-15-2650, 2016 WL 3087453, at *3 (D. Md. 1 June 2016) (finding claim for overpayment subject to dismissal where plaintiff did not exhaust his administrative remedies), *rep. & recomms. adopted*, Ord. (D.E. 21) (27 June 2016); *Hill v. Colvin*, No. 1:14CV354, 2016 WL 727177, at *6 (M.D.N.C. 23 Feb. 2016) (dismissing plaintiff's claim seeking review of ALJ's decision or Commissioner's efforts to collect overpayment where court lacked subject matter jurisdiction because plaintiff had not

13

Case 7:16-cv-00260-D   Document 6   Filed 11/07/16   Page 13 of 16

demonstrated that Appeals Council denied review of the ALJ's decision or issued its own decision); *Ross v. Colvin*, No. CIV. DKC 14-2967, 2015 WL 4622393, at *5 (D. Md. July 29, 2015) (finding that court lacked jurisdiction to hear plaintiff's challenge to SSA determinations regarding overpayment or repayment of benefits because it required a showing that plaintiff obtained a final decision of the Commissioner through exhaustion of administrative remedies pursuant to 42 U.S.C. § 405(g)), *rep. & recomm. adopted,* 2015 WL 5091919 (27 Aug. 2015), *aff'd,* 633 F. App'x 188 (4th Cir. 2016), *cert. denied,* (U.S. 3 Oct. 2016).

### D. Frivolous Allegations

The court recognizes that plaintiff includes in his complaint allegations that are facially incredible and delusional in tone. These include his allegations that adverse actions by the SSA were somehow related to retaliation against him by his purported former employers and seemingly unrelated allegations concerning him being in custody as a result of a race-based criminal sentence. There allegations are themselves frivolous. *See Denton*, 504 U.S. at 33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ."); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"); *Cush-El v. State*, No. 1:16CV176, 2016 WL 1212427, at *2 (M.D.N.C. 10 Mar. 2016) (recommending dismissal of complaint wherein "[p]laintiff recites claims that consist largely of incomprehensible ramblings composed of commercial and legal doctrines"), *rep. & recomm. adopted,* 2016 WL 1228626 (28 Mar. 2016). They accordingly add nothing to the intelligible claims plaintiff asserts. The frivolous allegations are not so pervasive or fundamental to the intelligible claims plaintiff

asserts as to render the complaint as a whole frivolous. The court therefore declines to find plaintiff's complaint as a whole frivolous based on its inclusion of these frivolous allegations.[3]

## IV. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction.

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on plaintiff or, if represented, his counsel. Plaintiff shall have until 21 November 2016 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the**

---

[3] The court does not read the frivolous allegations as purporting to asset independent claims. To the extent they are deemed to do so, such claims are frivolous because of the frivolous nature of these allegations.

Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

SO ORDERED, this 7th day of November 2016.

James E. Gates
United States Magistrate Judge